Keily v. Colton.

---

## New York Marine Court.

*General Term—October,* 1882.

McADAM, P. J., HAWES and HYATT, JJ.

THOMAS J. KEILY, PLAINTIFF AND RESPONDENT, *against* GARDNER Q. COLTON and LEWIS M. COLTON, DEFENDANTS AND APPELLANTS.

**Liability of Dentists for Negligence in extracting a Tooth.**—The defendant's who are dentists, undertook to extract a tooth while the patient was under the influence of an anæsthetic called laughing-gas. In extracting the tooth the forceps slipped and part of the

tooth went down the plaintiff's throat, causing coughing and vomiting, which continued at intervals for about four weeks, at the end of which time, in one of these attacks of coughing, the tooth was thrown up and relief followed in due course. *Held*, that while the patient was under the influence of an anæsthetic, which deprived him of the use of his faculties, the defendants were required to exercise the highest professional skill and diligence to avoid every possible danger, and that these circumstances were sufficient to carry the case to the jury on the question of negligence. That in some cases negligence may be inferred from the nature of the injury.

The defendants, who are dentists in the city of New York, were sued for damages said to have been caused by the negligent manner in which they extracted a tooth, in consequence of which alleged negligence part of the tooth went down the plaintiff's throat and lodged in the bronchial tubes, which convey air from the mouth to the lungs. The plaintiff suffered considerable pain, had frequent attacks of coughing, followed by vomiting, and in about four weeks thereafter, during one of these attacks, the tooth was thrown up, and relief followed in due course. While the tooth was being extracted the plaintiff was under the influence of an anæsthetic called laughing-gas. The jury rendered a verdict in favor of the plaintiff for the sum of $500, and from the judgment entered on this verdict the defendants appeal.

*Theo. E. Tomlinson* and *W. S. Wolf*, for appellants.

*E. P. Wilder*, for respondent.

McAdam, J.—There was nothing hurtful in the anæsthetic administered to the plaintiff, and the fact that he was put under its influence is material only in determining the amount of care which the defendants

were called upon to exercise. They knew that the plaintiff, while under the influence of the anæsthetic, had no control of his faculties ; that they were power-less to act, and that he was unable to exert the slightest effort to protect himself from any of the probable or possible consequences of the operation which they had undertaken to perform. He was in their charge and under their control to such an extent that they were required to exercise the highest professional skill and diligence to avoid every possible danger, for the law imposes duties upon men according to the circum-stances in which they are called to act. In this case skill and diligence must be considered as indissolubly associated. The professional man, no matter how skillful, who leaves an essential link wanting or a dan-ger unguarded in the continuous chain of treatment is guilty of negligence, and if the omission results in injury to the patient, the practitioner is answerable.

The defendants were employed to take the diseased tooth out; instead of doing which they allowed part of it to go down the plaintiff's throat. This was out of the ordinary course of treatment, and how such an unusual result was brought about was a fact peculiarly within the knowledge of the defendants, which they were required to explain, and it was for the jury to say whether their explanation was satisfactory or not.

The quantum of evidence necessary to make out a *prima facie* case of negligence is very slight in some cases, while in others a more strict proof is required. Often the injury itself affords sufficient *prima facie* evidence of negligence. Thus, a bailee who returns in an injured condition an article which has been loaned to him is, by this very condition, called upon for an explanation ; for a presumption of fault must arise therefrom againt him. Although the mere happening of an accident is not in general *prima facie* evidence of negligence, yet the accident may be of such a nature

that negligence must be assumed, from the unexplained fact of the accident happening.    Thus, B., while walking in a street in front of the house of a flour dealer, was injured by a barrel of flour falling upon him from an upper window; it was held that the mere fact of the accident was evidence to go to the jury in an action against the flour dealer (Byrne *v.* Boadle, 2 *H. & C.* 722; 33 *L. J. Ex.* 13 ; see also Scott *v.* London Docks Co., 3 *H. & C.* 596 ; 34 *L. J. Ex.* 17, *Ex. Ch.*).    There was evidence offered by the plaintiff showing that while the defendant drew the tooth the forceps slipped. This fact, combined with the unusual circumstance that the tooth went down instead of coming up, was sufficient to carry the case to the jury upon the question of negligence.    The trial judge held that while the affirmative was upon the plaintiff to prove negligence, the fact that the defendants, instead of taking the plaintiff's tooth out, let it go down his throat, was sufficient evidence to carry the question of negligence to the jury, to the end that they might determine whether, in the light of all the circumstances, the defendants had exercised the skill and care which the exigencies of the case require.    This ruling was correct, and the exception thereto is not well taken.    The case was fairly tried and submitted to the jury, and their verdict, in view of all the facts, and the pain and suffering which the plaintiff endured, cannot be said to be improper nor excessive.    It follows that the judgment must be affirmed, with costs.

HAWES and HYATT, JJ., concurred.